All right, 18-2150 United States v. Penuelas-Gutierrez Ms. Nathanson. Thank you, your honor. May it please the court Government counsel. My name is Rachel Nathanson, and I represent Hugo Penuelas-Gutierrez We are asking the court today to remand this case for resentencing The first thing that the district court said before imposing sentence was that the court didn't have Evidence. The court stated, I'm not able to make factual findings by a preponderance of the evidence concerning his childhood a good share of the arguments made by defense counsel are based on facts and Circumstances that have not been established by the evidence their argument and certainly arguments can be persuasive But the reason we have evidence is to test veracity and credibility And so I've considered the arguments but not at the same level as if we had evidence Finally the court said in terms of the abuse as a child that is now alleged He has never told anyone that as far as I know The reason the district court did not have the evidence that it needed was because the district court Denied me the opportunity to present it Had the district court granted Mr. Penuelas' unopposed motion to continue the sentencing Mr. Penuelas' family would have been there and testified Providing the missing evidence that the district court said it needed for its decision Well counsel was an offer of proof made to the court on this point Your honor there was not however I did say in moving for the continuance that the family wished to address the court and An offer of proof would not have been the same thing as actual testimony under oath. No, I understand now did you say to the court I asked for a continuance because My client's family would like to be present or did you say I asked for a continuance because there is Substantial evidence that my client's family wishes to present because I understood it was the former and not the latter It was somewhere in between it what I had said specifically was that the family would like to address the court And so I would have put them under oath and the evidence that they would have Testified to that would have supported the 3553 a factors in this case Mr. Penuelas' Parents could have each testified to the neighborhood that he grew up in why didn't you make an offer of proof up at this point? Well, your honor the evidence that the family would have testified to was in the sentencing memorandum And I presented it to the court. Well, you did present it I did present all of the information, but the problem with The decision was that the district court found that there was not actual evidence So I would have needed to present that testimony under oath And the family testifying would have provided that additional Proof that what I was providing in both the sentencing memorandum and in my argument was the truth and and as I had stated before the The court had stated I've considered the arguments but not at the same level as if we had evidence So that would have been the difference your honor. I thought you just said Just a minute ago that the party the family would have been there and would have But then you said but they wouldn't have been under oath To testify, but they wanted to make statements Did I mishear you? I would have put them under oath Did you tell the court that and did you tell the court this is going back to the judge of several's question? What they would have said because the problem is without an offer of proof We don't know whether you were hurt by this or not We have no way of knowing whether their testimony would have been helpful or not. We just speculating Well, the the only statement that I made was that they were to address the court and For purposes, how can we determine now that you've been hurt? Because the continuance was not granted because we don't know what they would have said The The parents and the wife would have testified to information that was already provided I can go through that with this court as to what they would have testified to they do go to the 35 evidence already provided through the Sentencing memorandum as well as the argument the extensive argument that I presented to the evidence was already before the court Then that comes back again with a little different wrinkle on how you show that you were prejudiced Well, the problem here was that the district court in this case wanted more than counsel's argument the district court here wanted somebody who could testify that What I was providing in my offer to the court was the truth and Was supported by more than simply argument. That's where we we come to the problem and so Mr. Penuelos's parents would have testified in addition about mr Penuelos beginning to work at the age of 13 that he was taking care of his siblings The type of children in his neighborhood and the fact that the family ran out of money for retained counsel after two trials on Voluntary manslaughter prompting mr. Penuelos's guilty plea His wife would have testified to the conditions in Tijuana and the situation with the stash house He was living near and the killing next door which prompted him to try to come to the United States the family's financial condition Which kept mr Penuelos from living in one of the perhaps resort areas that the district judge had referred to that would be safer than Tijuana and The fact that mr. Penuelos had shared information about the assault against him as a child and That she was working with an immigration attorney on the uvisa Weren't there some letters or other communication from the family That the court did have access to and review yes, there were a number of letters and the court indicated that this Represented mr. Penuelos had many very fine qualities But again, that was not evidence as to the 3553 a factors I really needed to be able to put the family under oath to do that There are a number of factors that the Tenth Circuit normally looks at to determine whether the district judge abused its discretion in denying the continuance The court will have to determine whether there was an arbitrary and unreasonable denial of the continuance that that materially Prejudiced my client and I think that could be established here in United States versus West from 1987 There are four factors. This court must look at one is diligence of the party requesting the continuance As the many letters and attachments to the sentencing memorandum reflect. I was in consistent contact with mr Penuelos his wife and as soon as I found out that the that mr Penuelos his father's medical condition had deteriorated such the family could not travel to New Mexico from California Immediately filed for the continuance that was four days before the sentencing And if it let me understand one thing because I understood that your motion It said that you would like to have a continuance because his family would like to attend and then later at the time of the Motion of the hearing on the motion You said that they would like to address quote address the court as you as you argued to it Yes, is that a correct sequence at the first you said they'd like to attend and then at the hearing itself You said they'd like to address the court. That is correct, Your Honor and nothing more specific than that we'd like to put on this such-and-such evidence or Nothing more specific than that that is correct, Your Honor. Thank you In terms of the other factors with West there we must look at the likelihood the continuance would accomplish the purpose for which the continuance was asked had the The sentencing been continued for perhaps one or two months the family would have been able to come to court and testify Third is inconvenience to the opposing party the witnesses and the court The government was unopposed to this continuance and they had no witnesses In fact, the government had been granted its own continuance in July for its its own purposes Which we had actually opposed because it was going to be a bit more difficult for the family to come When the children were in school, Mr. Pinoales's children were in school So the government was well aware that the family was coming to address The district court and better establish the evidence and prior to sentencing they had no objection so that the family could be there In fact the the attorney who wrote the sentencing memo in the case was actually no longer with the US Attorney's Office at the time Of the actual sentencing so it was not an inconvenience to her and Mr Pinoales simply could have been reset on another docket a month or two down the line Finally, we do believe that there has been a showing of prejudice here because Mr Pinoales was not able to present evidence under oath Regarding the 3553 a factors which the court made very clear affected the the decision in the court's mind that the court could not weigh the 3553 a factors that I had presented as highly as for example the guideline range because there was not actual evidence So we would ask the court to find that due to the district court's denial of the motion to continue and then Subsequent failure to weigh the 3553 a factors in the light of the totality of the circumstances The district court abused its discretion and imposed a substantively unreasonable sentence We do recognize the court does not have jurisdiction to review the district court's discretionary denial of a departure But we would ask the court to take into account our arguments For the departures in as laid out in the briefing only in the context of substantive reasonableness On appeal of course the court can assume or there's a presumption of reasonableness, but according to United States versus cells in this court that Is not a strong presumption and can be rebutted by the defendant The court ultimately denied the ability for us to fully develop the 3553 a factors and denying the motion to continue And heavily weighed why isn't that a procedural reasonableness argument? Because you know for substantive reasonableness it was a within guidelines sentence that was given, right? Yes, the the substantive reasonableness goes to whether the sentence was too long or too short so that that would be substantive reasonableness and one of the cases cited in our brief United States versus Walker that was looking at substantive reasonableness and Whether the court inadequately weighed a certain 3553 a factors that was a bank robbery case where the client Received a time-served sentence even though he had previous bank robberies as well So although it goes the other direction of we believe that the court in this case Inadequately weighed the 3553 a factors and too heavily weighed the guideline range itself This mr. Penuelos is really not your standard re-entry client with this particular guideline range He only had one non-immigration related offense When he was 16, he was 37 at the time of sentencing He was the youngest defendant in that case and he was characterized as a lookout So what did he really do your honors? He did not kill the victim or even lay a hand on him and there were two hung juries in that case there was no evidence that my client ever committed an act of violence in his life and That conviction was so old that if he had re-entered nine months later He would not have received either three criminal history points or a 10 level Enhancement of the offense level and there's really no empirical evidence that My client should have received a 10 level bump as opposed to say a 4 level bump for This sort of this conviction for which he received a six-year sentence Mr. Penuelos as well. He lived in the United States after coming back Following his deportation lived with no criminal history for nine years got married had two children He the soccer coach for his client for his child said he was such a supportive and involved parent He was going to make him an assistant coach. The next year had ice not raided his workplace and arrested him He had a number of professional letters religious letters. He was a very well regarded member of society So other than the conviction arising from incidents from when he was 16, he only had one Illegal re-entry prior to my case And so I believe he's actually outside of the heartland for somebody with this sort of guideline range the government had argued and and the court found that He needed to receive such a sentence in order to protect the public based on the age of the Prior conviction when he was 16 and the nature of it actually think that this was an excessive sentence of 37 months and we are asking the court to To remand for resentencing so that we can have the family testify support the 3553 a factors And have another another look at that so that there's not an inadequate weighing of the factors Thank you. I'd like to reserve the remaining few seconds. Thank you counsel All right, mr. Segovia May I please the court miss Nathanson My name is Dustin Segovia and I represent the United States in this matter I want to start with the continuance and I think that the most important point here Is that the district court cannot have been cannot have erred for denying a request that was never made below There's this dispute on appeal as to whether The intent was to put up testimony under oath or simply address the court If this court were to search the record the words under oath do not appear Anywhere below nor was there ever a request for an evidentiary hearing? Rule 32 and it's important to back up for a minute and look at Now recognize the wide discretion the wide latitude that district courts are given in even receiving evidence Rule 30 32 sort of sets out two different classes It speaks first to the four people that must be presented an opportunity to speak the defendant his attorney The prosecutor and any victim to the exclusion of all others recently in Fulton This court in an unpublished Opinion said that beyond those four individuals a district court may hear from family and friends But is not obligated to and found that it wasn't an abuse of discretion at a sentencing on revocation For the district court to refuse to hear from family and friends in that case The second class is sort of when there's a legal dispute at issue rule 32 says that if There's an objection made the court may hear testimony from witnesses So even when a legal dispute is at issue the court still retains discretion to hear from witnesses or not The distinctions relevant in this case, I think for two reasons first it speaks to whether there's a plain error analysis But it also informs the court's decision assuming there's a an abuse of discretion because again The district court can't be said to to erred in refusing a request that was never made to it And there were multiple opportunities to do so counsel on appeal has represented that she was denied that opportunity But there there were numerous places where counsel could have presented Testimony or could have requested at least an opportunity to present testimony To begin there's the sentencing memorandum nowhere in the sentencing memorandum Is there a request for an evidentiary hearing and nowhere in the sentencing memorandum? Is there a proffer as to what the family would testify to if given the opportunity? Looking at the motion to continue it judges. There was you pointed out There's nothing in there that says the family wishes to testify under oath on X legal issue. It's just not there so prior to the sentencing hearing the district court had nothing before it indicating that it that Defense counsel even though that may have been the intent intent Defense counsel in was going to present and put a witness on the stand And then there were numerous opportunities at the sentencing hearing itself to raise an objection as to being deprived of that opportunity At the beginning when the court denied the continuance Defense counsel simply said that mr. Pin will execute yet his parents and wife wished to be here to address the court That's it volume for the record on appeal didn't say that they needed to testify and when the court denied the continuance No objection was levied on that basis Then there's the the hearing itself during which the district court rejected numerous factual assertions made by counsel and even at that point No objection was made to the effect of your honor If I had had the opportunity to have his wife and his family here They could testify to his background or to the circumstances of the convictions the prior convictions nothing to that effect and After the district court has denied the continuance After the district court has rejected factual assertions It turns to defense counsel and says is there anything else and the response was no your honor this court in Marcus said that that presents a counsel with a sufficient opportunity to raise a procedural objection and avoid plain-air review and Judge Tim Kovich and I'm sorry chief judge Tim Kovich and judge e bill You were both on the Lopez Flores panel where there was a an objection to the adequacy of the explanation of the sentence And the court said that by failing to object To the method by which the court reached its sentencing determination You know that that triggers plain-air review because it doesn't give that because that would have given the district court an opportunity to remedy any procedural error that that reasoning applies with equal force here and Should the court decide to apply plain-air analysis and it's the government government's position that it should While the government maintains it can meet all four prongs The second prong is clearly met after raising plain-air in its response brief in the reply Defense counsel says absolutely nothing about step two of the analysis There's a conclusory assertion that it's plain but there is no citation to a Supreme Court case to 10th Circuit case or a consensus of the circuits that Denying a continuance in these circumstances constitutes error and nor could they the West decision to which on which defense counsel relies is a Remarkably different circumstance a murder trial in which the only witness who is willing to testify Is not able to make it to court until the following day and the court denies a continuance. That's simply not this circumstance. So The government certainly wins at prong two But even at the prejudice prong and we're considering the West factor as to the harm that was caused to the defense There is no harm. There was no prejudice as notice as I already noted there were numerous opportunities To present evidence there were letters submitted including by two of the individuals that defense wanted present at the sentencing and that was From the defendants mom and his wife those could have been affidavits You know the rules of evidence don't apply at sentencing You know the guidelines tell us that the evidence need only bear a sufficient initial reliability So there was nothing that prevented defense counsel from from presenting under oath statements to the court to support her legal arguments It's also important that the one person who could testify to all of these things his upbringing his character the nature and circumstances of the previous convictions You know the sexual assault allegation is sitting right there in court nothing prevented the defendant from taking the stand and Testifying under oath about all of these things and he was given an opportunity to allocute There's no alleged error on that basis. And at the time of allocution, he said nothing about any of these things With respect to the family being there on the record before the court, you know, it wasn't unfair for the district court to deny the continuance Because there was little that the family could have added to the factual assertions that would have been material Defense counsel talked about the upbringing of the defendants upbringing and how the court had rejected that But it's also important to note that the court ruled in the alternative It said even assuming he had a difficult childhood and quoting from the record here Many defendants have faced poverty difficult family situations, but that does excuse does not excuse nor explain their conduct And that's a volume for the record on appeal at pages 25 to 26 So even if the family had testified about his upbringing the district court would not have found that compelling With respect to his character the family the district court accepted the letters is undisputed. It didn't take any issue with them It simply found that they weren't sufficient to justify a variance with respect to violence in Mexico being the impetus for the Coming to the United States that there are certainly places in Mexico that are not violent to which the defendant could have gone And that was the point that the court made when it said, you know, I visited Mexico I know that there are places that are not violent You know notably the court said nothing about resort areas. It's unclear where the court exactly had gone Then there's the sexual assault it was a vague allegation All that was alleged was that at age eight an adult male in California had assaulted him And he that person was not prosecuted. There was no proffer with respect to what the family members knew About those circumstances and again, the defendant is sitting there in court and could have talked about that but simply did not With respect to the nature and circumstances of the conviction the the voluntary manslaughter and street terrorism conviction There was nothing the family could have added to dispute that because convictions can't be collaterally attacked at the time of sentencing And there's nothing in the record to indicate that even on the defendant's telling of how things occurred that the family had direct knowledge of what had happened or could contribute to that issue Ultimately, your honor, this court can't say that the district court erred in denying something that was never requested And for that reason it should affirm the district court's denial of the continuance Now defense counsel with respect to the sentencing issues defense counsel's conceded that this court doesn't have jurisdiction to review the downward departures I'll briefly discuss the reasonableness of the sentence This court's recognized that there are a wide range of sentences that can be appropriate in any given case and A sentence to 37 months at the low end of the guideline range which is presumptively reasonable was an appropriate sentence in this case given the defendant's criminal history Which includes a whatever the defendant alleges occurred includes a conviction for voluntary manslaughter That would derive from the you know a revenge killing of a rival gang member And he also has the street terrorism conviction which establishes that he was part of the gang that he was aware of its felonious conduct criminal conduct and that he willfully involved himself in that conduct More recently, though, the defendant also had repeated immigration violations. He'd been removed from the country twice. He had a prior 1326 conviction for which he received a year and a day And so in this case it was appropriate the 37 month sentence was appropriate to promote respect for the law Which is one of the factors that the district judge specifically identified Ultimately your honors if there are no no questions The district court this court should affirm for the basis that the government has argued in its brief and now again before the court I'm happy to see the remainder of my time counsel You got a little few seconds for rebuttal As To plain air we contend there was a plane error because under 3553 a it says the court shall consider the 3553 a Factors and we contend failed to adequately do so as to not providing affidavits We did not do so because the family had planned to come and testify and regarding my client testifying himself He maintains his Fifth Amendment right to remain silent and not subject himself to cross-examination even as sentencing. Thank you very much Thank you counsel counselor excused and the case shall be submitted. We'll take a short recess